UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

JOHN E. CATAPANE,

    Plaintiff,

v.

TITAN MOTOR GROUP LLC, d/b/a Infiniti of Manhasset and JOSEPH VALENTINO, Jointly and Severally,

    Defendants.

No._____

## NATURE OF THE ACTION

1. Plaintiff John E. Catapane worked for Defendants Titan Motor Group LLC, d/b/a Infiniti of Manhasset and Joseph Valentino as the new car sales manager and then as the used car sales manager from May 5, 2017 to October 14, 2020.

2. Catapane asserts the following claim against Titan Motor Group: disability-based discrimination under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.*

3. Catapane asserts the following claim against Defendants, jointly and severally: disability-based discrimination under New York State Human Rights Law ("NYSHRL").

## THE PARTIES

4. Catapane was, at all relevant times, an adult individual residing in North Babylon, New York.

5. Titan Motor Group is a domestic limited liability company organized under New York law, with its principal place of business at 250 Northern Boulevard, Great Neck, New York 10021.

-1-

6. Valentino was, at all relevant times, an adult individual who, upon information and belief, resides in Nesconset, New York.

JURISDICTION, VENUE & ADMINISTRATIVE REQUIREMENTS

7. This Court has subject matter jurisdiction over this matter under 28 U.S.C. §§ 1332 and supplemental jurisdiction over the NYSHRL claim under 28 U.S.C. § 1367.

8. Venue is proper in this District under 28 U.S.C. § 1391(b)(2) as a substantial part of the events giving rise to the claims occurred in this District.

9. On April 9, 2021, Catapane filed a Charge with the U.S. Equal Employment Opportunity Commission.

10. The Charge was filed within 180 days of the last adverse employment action.

11. On May 10, 2021, Catapane received from the EEOC a Right to Sue letter. (Exhibit A).

12. This Complaint was filed within 90 days of receiving the Right to Sue letter.

STATEMENT OF FACTS

13. Titan Motor Group owns and operates numerous car dealerships, including Infiniti of Manhasset, which is located at 1225 Northern Boulevard, Manhasset New York 11030.

14. Titan Motor Group has more than 15 employees.

15. Infiniti of Manhasset sells new and used cars.

16. Valentino owns and operates Titan Motor Group, along with a partner Scott Reback.

-2-

17. Valentino has the authority to hire and fire employees, set their pay and determine other terms and conditions of employment.

18. Defendants employed Catapane from May 2017 to March 21, 2020, when they fired him.

19. Catapane is legally deaf.

20. Starting in April 2018, Catapane began to progressively lose his hearing.

21. Defendants were aware that Catapane was losing his hearing, as he told Valentino and the General Manager, David Fine.

22. In June 2020, Catapane advised Valentino and General Manager Fine that he would be having surgery in October 2020 to have a cochlear implant[1] implanted, assuming he qualified for it and the insurance company covered it.

23. Defendants employed Catapane as the New Car Sales Manager from May 2017 to March 21, 2020, when he and other employees were terminated due to the COVID-19 pandemic.

24. Between May 2017 and March 21, 2020, Catapane had no performance issues.

25. By March 2020, Catapane was legally deaf and had to read customers' lips to understand what they were saying.

26. In June 2020, Defendants re-hired all their managers, except for Catapane.

27. After they re-hired all the managers, the Used Car Sales Manager quit.

---

[1] A cochlear implant is an electronic device that partially restores hearing. It can be an option for people who have severe hearing loss from inner-ear damage who are no longer helped by using hearing aids. https://www.mayoclinic.org/tests-procedures/cochlear-implants

28. After the Used Car Sales Manager quit, Defendants asked Catapane if he wanted to be hired as the Used Car Sales Manager making about 40% less than he did as the New Car Sales Manager.

29. Needing to provide for his family and with no other job opportunities, Catapane accepted the position as Used Car Sales Manager.

30. Between June and October 2020, Catapane would speak with clients by standing more than six feet away from them and ask them to pull down their masks so he could read their lips.

31. General Manger Fine told Catapane he needs to speak with customers outside or on the sales floor, versus in an office, because the customers have to remove their masks.

32. When customers would call to speak with him, Catapane would ask other employees to speak to the customers because he could not hear what they were saying on the phone.

33. General Manager Fine would express to Catapane and others his annoyance about how Catapane has to communicate with customers, including having others speak to the customers on the phone and Catapane having to speak with them on the sale floor or outside.

34. Between June and October 2020, General Manager Fine told Catapane he is a "liability" because he is deaf and told him "get your ears fixed."

35. Between June and October 2020, General Manager Fine told Catapane, in sum and substance, "I love you. You're great. I have no problems with you, except you can't hear."

36. Between June and October 2020, Catapane had no performance issues.

37. On October 14, 2020, Defendants terminated Catapane's employment.

38. General Manager Fine and Valentino made the decision to fire Catapane.

39. After Defendants terminated him, Catapane called Valentino to find out why he was fired and Valentino responded by telling Catapane to call him once he gets the cochlear implant.

40. In telling Catapane that he should call Valentino once he gets the implant, Valentino confirmed Catapane was fired for being deaf.

41. Between April 2018, when he first started to lose his earing, and October 14, 2020, General Manager Fine, Paul Santo (Sales Manager) and other Infiniti of Manhasset employees often made jokes about Catapane losing his hearing. These jokes were witnessed by numerous employees.

42. When firing him, General Manager Fine did not give Catapane a reason for firing him.

43. As a consequence of firing him because of his disability, Catapane has suffered from and continues to suffer from significant emotional distress, as he fears he will be unable to provide for his family. This stress has caused him, *inter alia*, anxiety, headaches, sleepless nights and the loss of enjoyment of life.

FIRST CAUSE OF ACTION
DISABILITY DISCRIMINATION
UNDER THE AMERICANS WITH DISABILITES ACT
(As Against Titan Motor Group)

44. Catapane realleges every allegation of the preceding paragraphs as if fully set forth herein.

45. At all relevant times, Catapane was an "employee" and "person" and Titan Motor Group was an "employer" under the ADA.

46. The ADA prohibits discrimination against a qualified individual based on disability. 42 U.S.C. § 12112(a).

47. Discriminating against someone with a disability includes taking an adverse employment action and refusing to make a reasonable accommodation that would enable the employee to perform essential functions of their job. 42 U.S.C. § 12112(b)(1)-(7).

48. Being deaf constitutes a disability under the ADA. 42 U.S.C. § 12012(1).

49. Despite being deaf, Catapane was otherwise qualified to perform the essential functions of his job with or without a reasonable accommodation.

50. Titan Motor Group fired him because of his disability.

51. Titan Motor Group did not initially rehire Catapane because of his disability.

52. Titan Motor Group engaged in employment practices that the ADA forbids.

53. No legitimate, non-discriminatory reasons exist for Titan Motor Group firing Catapane.

<u>SECOND CAUSE OF ACTION</u>
DISABILITY DISCRIMINATION
UNDER THE NEW YORK STATE HUMAN RIGHTS LAW
(As Against Titan Motor Group and Valentino)

54. Catapane realleges every allegation of the preceding paragraphs as if fully set forth herein.

55. At all relevant times, Catapane was an "employee" and "person" and Defendants were "employers" under the NYSHRL.

56. Being deaf constitutes a disability under the NYSHRL. N.Y. Exec Law §§ 2292(21)(a)-(c).

57. Defendants were on notice of Catapane's disability.

58. Defendants did not initially rehire Catapane because of his disability, violating the NYSHRL.

59. Defendants fired Catapane because he is deaf, violating the NYSHRL. N.Y. Exec. Law §§ 296(1)(a) and 296(3)(a).

60. Infiniti of Manhasset is strictly liable for the actional discriminatory environment its supervisors created, who had immediate or successive higher authority over Catapane.

## PRAYER FOR RELIEF

WHEREFORE, Catapane respectfully requests that this Court grant the following relief:

1. Accepts jurisdiction over this matter.

2. Impanels and charges a jury with respect to the causes of action.

3. Awards Catapane the following damages against Defendants:

   a. Back pay, front pay, and all benefits along with pre and post judgment interest;

   b. An award of punitive damages under the ADA and the NYSHRL;

   c. Punitive, liquidated and compensatory damages including, but not limited to, damages for pain and suffering, anxiety, humiliation, loss of enjoyment of life, physical injury and emotional distress, and medical expenses in order to compensate him for the injuries he has suffered and to signal to other employers that discrimination is repulsive to legislative enactments;

   d. An injunction against Defendants and their officers, agents, successors, employees, representatives and any and all persons acting in concert with them, as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

   e. Attorneys' fees, costs and expenses to the fullest extent permitted by law; and

   f. Any other relief that this Court deems just and equitable.

## DEMAND FOR TRIAL BY JURY

Pursuant to Fed. R. Civ. P. 38(b), Catapane demands a trial by jury on all questions of fact the Complaint raises.

Dated: New York, New York
May 11, 2021

                            LIPSKY LOWE LLP

                            By: s/ Douglas B. Lipsky
                                 Douglas Lipsky
                                 Milana Dostanitch
                            420 Lexington Avenue, Suite 1830
                            New York, New York 10170-1830
                            212.392.4772
                            doug@lipskylowe.com
                            milana@lipskylowe.com
                            *Attorneys for Plaintiff*

# EXHIBIT A



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**New York District Office**

33 Whitehall Street, 5th Floor
New York, NY  10004-2112
National Contact Center:  (800) 669-4000
National Contact Center TTY:  (800) 669-6820
New York Status Line:  (866) 408-8075
New York Direct Dial:  (212) 336-3630
TTY (212) 336-3622
FAX (212) 336-3625

May 10, 2021

John E. Catapane
C/O Lipsky Lowe LLP
420 Lexington Avenue, Suite 1830,
New York, NY 10170

Re:  John E. Catapane v. Titan Motor Group
Charge # 520-2021-02633

Dear Mr. Catapane,

Enclosed please find the Right to Sue Notice that was requested via a letter dated May 5, 2021.

If you wish to file suit in this matter, you must do so within 90 days of your receipt of this notice.


Sincerely,

*Debra L. Richards*
_____
Debra L. Richards for
Judy A. Keenan
District Director


cc:  Douglas B. Lipsky, Esq.
     420 Lexington Avenue, Suite 1830
     New York, NY 10170